# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONAL CITY MORTGAGE CO. | : |
| Plaintiff | : |
| v. | : 3:07-CV-2070 |
| | : (JUDGE MARIANI) |
| BRIAN STEPHEN et al., | : |
| Defendants | : |
| v. | : |
| CHASE MANHATTAN BANK | : |
| Respondent | : |

## MEMORANDUM OPINION

### I. Introduction

Before the Court is Plaintiff's Motion for Reconsideration (Doc. 57) of the Court's Order of February 8, 2012 (Doc. 56) denying Plaintiff's Motion for Relief from Judgment on Motion to Vacate Sale (Doc. 34).[1] For the reasons that follow, the Court will grant the motion, set aside the Marshal's sale, vacate the judgment in foreclosure, and dismiss without prejudice the foreclosure action for lack of jurisdiction.

---

[1] Plaintiff's Motion for Reconsideration (Doc. 63) of the Court's Order of March 15, 2012 (Doc. 62) is denied as moot.

## II. Analysis

### Standard of Review

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010).

### Discussion

Plaintiff contends that the Pennsylvania Superior Court case of *Beneficial Consumer Disc. Co. v. Vukmam*, 37 A.3d 596 (Pa. Super. Ct. 2012) constitutes an intervening change in the controlling law that deprives this Court of subject-matter jurisdiction.[2]

Plaintiff instituted foreclosure proceedings against Defendants in October 2007 and sent notice of those proceedings pursuant to the Homeowner's Emergency Mortgage Act, 35 PA. CONS. STAT. §§ 1680.401c, *et seq.* ("Act 91"). (Doc. 58, Ex. B). Under Act 91, no mortgagee may commence a foreclosure action without first giving notice to the mortgagor. 35 PA. CON. STAT. § 1680.402c(a). Under the law in force at the time Plaintiff instituted

---

[2] The Superior Court denied re-argument on April 14, 2012, and Beneficial filed a petition for allowance of appeal to the Pennsylvania Supreme Court on May 11, 2012. Because the Supreme Court may deny the petition, or, in the event it grants the Petition, a substantial amount of time may elapse before it decides the matter, this Court will decide the Plaintiff's motion now so the parties may move forward with the case.

foreclosure proceedings against Defendants, lenders were required to offer borrowers an opportunity for a face-to-face meeting with a credit counseling agency or the lender itself.[3]

Plaintiff used the standard form provided by the Pennsylvania Housing Finance Agency, which offered borrowers the option of meeting with a credit counseling agency only. (Doc. 58, Ex. B). The Superior Court in *Vukmam* determined that such notice was defective because it did not provide borrowers with the option to meet with either a credit counseling agency or the lender itself, as required by Act 91. Because notice was defective, the trial court lacked jurisdiction. *Vukmam*, 37 A.3d at 599 ("[T]he notice requirements pertaining to foreclosure proceedings are jurisdictional, and, where applicable, a failure to comply therewith will deprive a court of jurisdiction to act."). *Vukmam* directly controls in this situation because Plaintiff used the very same Act 91 notice as the lenders in *Vukmam* did. Therefore, this Court presently does not have jurisdiction over this case.

It is for the decision in *Vukmam* alone that the Court is granting Plaintiff's motion and not for any other reasons cited in support of Plaintiff's motion for reconsideration. But for this change in the law, the Court would not have granted the motion because the cause of Plaintiff's predicament was its own failure to provide notice to all interested parties before proceeding to a marshal's sale. Indeed, had Plaintiff properly given notice of the marshal's sale to Respondent Chase, the junior lienholder, Plaintiff would not have needed to rely on

---

[3] Act 91 was amended July 8, 2008 (effective September 8, 2008), and the amended version omits the language about a face-to-face meeting with the mortgagee. *See* Homeowner's Emergency Mortgage Act, Pub. L. 841, No. 60, § 2 (2008) (codified as amended at 35 PA. CON. STAT. §§ 1680.401c *et seq.*). Under the current version of Act 91, the notice to the borrower need offer the borrower the opportunity to meet with a consumer credit counseling agency only.

3

*Vukmam*, and this case would have been concluded in 2008. Instead, nearly five years after the institution of the action, the case must start anew.

The Court will grant the motion, set aside the Marshal's sale, vacate the judgment in foreclosure, and dismiss the foreclosure action without prejudice.

Robert D. Mariani
United States District Judge